IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAR INSURANCE COMPANY,

        Plaintiff,

v.                                    Case No. 6:16-cv-01017-JTM

TLC TRUCKING, LLC, and
REYMUNDO ESTRADA GARCIA,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on the defendants' motion to dismiss (Dkt. 11). The motion argues that because of a related suit in state court, the court should dismiss or stay this action pursuant to the abstention doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons set forth below, the court concludes that exercise of federal jurisdiction in this case is appropriate and that the motion to dismiss should be denied.

### I. Background

The following facts and allegations are taken from the complaint in this matter and from orders in related cases cited by the parties. Star Insurance Company ("Star") issued a commercial auto liability policy to TLC Trucking, LLC ("TLC") for the year 2012.  Star alleges that the policy gave it the right to defend any lawsuit against TLC; required TLC to cooperate with Star's investigation, settlement and defense of any claim; prohibited TLC from assuming any obligation or transferring any rights without

Star's consent; and stated that in the event of a failure to comply with these obligations, Star would have no duty to provide coverage. Star alleges the policy also included a federally-mandated "MCS-90 endorsement," which provided that if coverage was not afforded for any accident within the policy period, Star would nonetheless pay up to $1 million to discharge any liability incurred by the insured for negligence in commercial trucking operations, with a corresponding obligation on the insured to reimburse Star for the payment.

On November 28, 2012, a TLC truck was being driven by Reymundo Estrada Garcia ("Estrada"), when Estrada negligently struck a vehicle being driven by Kenya Rudzik. This caused Rudzik's vehicle to enter the lane of oncoming traffic, where it was hit by a commercial truck operated by National Carriers, Inc. The National Carriers truck overturned as a result, causing injury to the driver and damage to the truck and its contents. Rudzik was severely injured in the accident.

Both Rudzik and National Carriers subsequently made claims against Star's insureds, TLC and Estrada. Star investigated and assigned defense counsel to protect its insureds' interests.

In May 2013, Rudzik (and her husband) filed suit against TLC and Estrada in Grant County, Kansas, district court. In October 2013, Star offered the Rudziks its policy limit of $1 million, but the Rudziks' lawyer declined the offer.

In September 2014, the Rudziks entered into a "*Glenn v. Fleming* agreement" with TLC and Estrada under which the latter two assigned all of their rights against Star to the Rudziks in exchange for the Rudziks' promise to seek satisfaction of any judgment

only from Star.[1] The agreement alleged that Star breached its contract with TLC and engaged in negligence and bad faith. The agreement stipulated that Estrada negligently caused the accident, that Rudzik was paralyzed as a result, that TLC had $1 million in coverage from Star, and that Rudzik's damages well exceeded the policy limit. The parties to the agreement waived the right to a jury trial and appeared before Grant County District Judge Bradley E. Ambrosier for a bench trial on damages. Judge Ambrosier entered a judgment finding Estrada 100% at fault for the accident and awarding the Rudziks damages against TLC and Estrada in the amount of $10,482,974.60, plus interest and costs. Star was not a party to the agreement and was not involved in the bench trial.

On November 6, 2014, Star filed a declaratory judgment action in this court against the Rudziks, TLC and Estrada. *Star Ins. Co. v. TLC Trucking, et al.*, No. 14-1368-MLB (D. Kan.). A few weeks later, on December 1, 2014, the Rudziks (with TLC and Estrada) filed a petition in Grant County against Star and others, alleging that Star was liable for the $10.4 million judgment based on breach of contract, negligence, and bad faith. Star removed the Grant County action to this court, but Judge Belot held that diversity jurisdiction was lacking, and he granted a motion to remand that case to Grant County. *See Rudzik v. Star Ins. Co.*, No. 14-1421-MLB, 2015 WL 1923892 (D. Kan., Apr. 28, 2015). Judge Belot also granted a motion to dismiss Star's declaratory judgment action, noting the discretionary nature of a declaratory judgment and finding (among other things) that "[g]iven the extensive history of related litigation in the state court, the

---

[1] *See Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79 (1990).

familiarity of the state judge with the past and present litigation, and the fact that both pending actions are based entirely on state law, the exercise of federal jurisdiction at this point would unnecessarily interfere with state jurisdiction." *Star Ins. Co. v. TLC Trucking, LLC*, No. 14-1421, 2015 WL 1923817, *2 (D. Kan., Apr. 28, 2015).

Star alleges that TLC and Estrada's agreement with the Rudziks constituted a material breach of the insurance contract, which prejudiced Star by not allowing it to participate in the bench trial or appeal the judgment without imperiling its insureds' settlement. Star alleges that the agreement provided the Rudziks with the unilateral right to declare the agreement void should Star seek to intervene in the proceeding or to appeal the judgment.

National Carriers brought a separate lawsuit in Haskell County District Court, seeking damages from the accident. Star alleges that its policy provided no coverage for this claim as a result of the above-described breach by TLC and Estrada, but the federally-mandated MSC-90 endorsement nevertheless obligated Star to pay the resulting judgment of $79,500.00.

Star alleges that, having paid the National Carriers judgment, it is now entitled to recover that sum from TLC and Estrada under the terms of the MCS-90 endorsement. It quotes the endorsement in part: "[t]he insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the

agreement contained in this endorsement." Star thus seeks a judgment against TLC and Estrada for $79,500.00. Dkt. 1 at 6.

## II. Motion to Dismiss

Defendants argue the case should be dismissed or stayed under the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). They contend this case and the pending Grant County suit by the Rudziks are parallel because "each side in each case asserts that the other breached the insurance contract." Dkt. 11 at 6. They assert that the state court obtained jurisdiction first, it has progressed further, the case is governed by Kansas substantive law, the state forum will adequately protect the parties' rights, and the federal forum is less convenient for the parties. They argue abstention would "serve the interests of both judicial economy and effective judicial administration." *Id.* at 12.

In response, Star contends the two lawsuits are not parallel, asserting that the cases do not involve all of the same parties and involve dissimilar claims. Dkt. 12 at 10-11. Star notes that the instant case involves federal law (interpretation of the MCS-90 endorsement) while the state case does not, and that the two suits were triggered by separate events occurring years apart. *Id.* at 4-5. Star acknowledges that whether TLC breached the insurance policy by entering the *Glenn v. Fleming* agreement is a common issue in both suits, but maintains that the suits otherwise involve different theories. Star argues the federal forum is not inconvenient and that it has a right to have its claim heard in this forum rather than as a counterclaim in the state action. Star additionally argues that its claim against TLC for the National Carriers judgment was not a

compulsory counterclaim in the state proceeding - as it did not exist when the Rudziks filed suit - and that it would be improper to require to it to assert the claim there.

**III. Discussion**.

The *Colorado River* doctrine allows federal courts to dismiss or stay a federal action in deference to pending parallel state court proceedings. *Colorado River*, 424 U.S. at 819-20.  Abstention from the exercise of federal jurisdiction is the exception, however, not the rule. Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given them, with abstention being "an extraordinary and narrow exception" to that duty. *Id*. at 813. As a general matter, the pendency of an action in state court is no bar to proceedings concerning the same matter in a federal court with jurisdiction. *Id*. at 817. Only in exceptional and limited circumstances, and in the interest of judicial economy, do federal courts have the power to refrain from hearing cases that are duplicative of a pending state court proceeding. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F.Supp.2d 1051, 1062 (D. Kan. 2006) (citing *Colorado River*, 424 U.S. at 800).

A finding of parallel proceedings is a threshold condition for engaging in the *Colorado River* analysis. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). Exact identity of parties and issues is not required; the state and federal proceedings are considered parallel if "substantially the same parties litigate substantially the same issues." *Id*. (citing *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994)).

In this instance, the two proceedings fail to meet the test for parallel cases. The basis of the pending state case is a claim by the Rudziks to hold Star liable for its $10.4 million judgment against TLC and Estrada. By contrast, the current action is based on Star's claim that TLC and Garcia are obligated to reimburse Star for its payment of the $79,500 National Carriers judgment. The plaintiff's claim in the state case is based on Kansas law governing the insurer's obligation of good faith to its insured; the instant claim is based on a reimbursement obligation under a federally-mandated endorsement. *See Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868 (10th Cir. 2009) (*en banc*) (determining effect of MCS-90 from the Motor Carrier Act and federal regulations ). Thus, the claims for relief in each case are legally distinct. *See also Nat'l. Specialty Ins. Co. v. Martin-Vegue*, ___Fed.Appx.___, 2016 WL 737780, *5 (11th Cir., Feb. 25, 2016) ("Federal law controls the interpretation and operation of the MCS-90.").

It is clear that the two cases have common issues – e.g., whether TLC and Estrada's actions breached the insurance agreement with Star. In the state case, that allegation might be a defense to the Rudziks' claim of bad faith. In the instant case, Star might have to prove the same allegation to recover under the MCS-90 endorsement. Similarly, whether Star breached the insurance contract by engaging in bad faith is part of the Rudziks' claim in the state case and a potential defense in this case. But the fact that these cases share common issues does not render them parallel. And the two cases are otherwise sufficiently distinct that they are not properly considered parallel. The Rudziks are parties to the state case but are not parties here. TLC and Estrada are parties here but are only nominal parties in the state action. The disposition of the state

case will not necessarily dispose of all claims in this matter, as this court may still have to construe and apply MCS-90 after the state case is resolved. *Cf. Fox v. Maulding*, 16 F.3d 1079, 1081-82 (10th Cir. 1994) ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses")(quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). In sum, the court is not persuaded that substantially the same parties are litigating substantially the same issues in these two cases.

In dismissing Star's prior declaratory judgment action, Judge Belot found that exercising jurisdiction "would unnecessarily interfere with state jurisdiction."  *Star Ins. Co.*, 2015 WL 1923817 at *2. Defendants cite that language in arguing for a stay or dismissal. But the Declaratory Judgment Act "confers upon district courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *United States v. City of Las Cruces*, 289 F.3d 1170, 1182-83 (10th Cir. 2002) [cite omitted]. The analysis in a Declaratory Judgment Act case "differs fundamentally from the *Colorado River* analysis." *Id*. In the instant case, the exercise of jurisdiction is not a discretionary matter. As the Supreme Court recently observed:

> Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens *591 v. Virginia,* 6 Wheat. 264, 404, 5 L.Ed. 257 (1821). Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

8

> Parallel state-court proceedings do not detract from that
> obligation. See *ibid.*

*Sprint Commc'ns., Inc. v. Jacobs*, 134 S. Ct. 584, 590-91, 187 L. Ed. 2d 505 (2013).

Defendants have not shown the exceptional and limited circumstances necessary to justify a failure to exercise federal jurisdiction over this case. *See Jones v. Great S. Life Ins. Co.*, 232 F.3d 901 (10th Cir. 2000) ("the task is to ascertain whether there exist *exceptional circumstances, the clearest of justifications,* that can suffice under *Colorado River* to justify the surrender of the jurisdiction") [citation omitted].

**IT IS THEREFORE ORDERED** this 12th day of April, 2016, that defendants' Motion to Dismiss or to Stay (Dkt. 11) is DENIED.

__s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE